UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| QUSAI H. SHARIRI,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT COLLECTION SERVICES, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO.4:21-cv-02531<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT

NOW comes QUSAI H. SHARIRI ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of CREDIT COLLECTION SERVICES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years of age and resides in Tomball, Texas which is located within the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a third-party debt collector that claims to be "recognized as one of the nation's largest and most respected collection firms."[1] Defendant is incorporated in the Commonwealth of Massachusetts and has its principal place of business at 240 Commercial Street, Ste. 3A, Boston, MA 02109. Defendant regularly collects debt from consumers in the State of Texas.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect on a consumer obligation ("subject debt") Plaintiff allegedly owed.

9. Upon information and belief, the subject debt stems from Plaintiff's past due amounts of on a home security plan Plaintiff had with ADT Security ("ADT").

10. Upon information and belief, after Plaintiff's default, ADT placed the account with Defendant for collections purposes in early 2021.

11. Defendant sent a dunning letter to Plaintiff regarding the subject debt in Spring 2021.

---

[1] https://www.ccsusa.com/opCo_ccs.html

12. Sometime in April 2021, Plaintiff reached an agreement with ADT that Plaintiff would sign a new contract and reactivate monitoring services, in exchange for which ADT would waive the subject debt.

13. The above arrangement was memorialized in an email ADT sent to Plaintiff.

14. At signing of the new contract, Plaintiff made a payment of $114 to ADT.

15. Due to technical errors on ADT's end, ADT failed to reconnect Plaintiff's services and has not yet reconnected him up until the filing of this lawsuit.

16. However, as ADT promised, it should have forgiven and waived the subject debt stemming from Plaintiff's past contract.

17. Despite this waiver, CCS continued to place collection calls to Plaintiff's cellular phone at (419) XXX-1212.

18. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -1212.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

19. Defendant has used a variety of numbers when calling Plaintiff's cellular phone which numbers, upon information and belief, are regularly utilized by Defendant during its debt collection activity.

20. Upon speaking with Defendant, Plaintiff was informed that Defendant was calling attempting to collect upon the subject debt.

21. Plaintiff explained the arrangement with ADT and informed Defendant that he no longer owed the subject debt.

22. Plaintiff further requested that Defendant cease calling him.

23. Nevertheless, Defendant flippantly dismissed Plaintiff's provided information, and further continued placing phone calls to Plaintiff's cellular phone attempting to collect upon the subject debt notwithstanding Plaintiff's explicit demands such contacts cease.

24. Plaintiff went as far as to upload the ADT email onto Defendant's website as proof that he did not owe the subject debt.

25. Even such efforts could not stymie Defendant's efforts, as Defendant did not stop the collection calls and instead attempted to repeatedly collect despite knowing Plaintiff's lack of remaining obligation on the subject debt.

26. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in exhausting time and resources.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection calls in connection with a debt not owed, significant emotional distress, and violations of his state and federally protected rights as consumer to be free from harassing and deceptive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and alleges paragraphs 1 through 29 as though fully set forth herein.

30. Plaintiff is allegedly obligated to pay back on his customer obligation to ADT and is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

31. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

33. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d

34. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendant violated §§ 1692d and d(5) when it repeatedly called Plaintiff after Plaintiff demanded it to stop. Despite knowledge that its calls were not desired nor welcomed, Defendant chose to continue the calling. Defendant's knowingly defiant conduct carries with it the natural consequence of harassing and abusing Plaintiff.

36. Plaintiff demanded multiple times that Defendant stop calling. As such, Defendant was aware that further calling was harassing and annoying to Plaintiff, yet persisted in its efforts nonetheless.

37. Defendant further violated §§ 1692d and d(5) when it repeatedly attempted to collect upon the subject debt despite being provided clear information that Plaintiff no longer owed the subject debt. Defendant's flippant disregard for Plaintiff's provided information, and subsequent attempts to collect upon the subject debt despite the information provided, underscores the extent to which Defendant engaged in conduct which had the natural consequence of harassing and abusing

Plaintiff. Defendant knowingly attempted to hound a consumer for a debt not owed, a harm which is at the center of the FDCPA's purpose.

    **b.  Violations of FDCPA § 1692e**

38. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

40. Defendant violated §§ 1692e, e(2)(A), and e(10) when it continued to collect on the subject debt despite knowing Plaintiff's lack of remaining obligation. Plaintiff explicitly informed Defendant of his arrangement with ADT, going so far as to upload clear documentation of the arrangement, yet Defendant nevertheless repeatedly attempted to collect the subject debt from Plaintiff. Through this conduct, Defendant falsely represented that the subject debt was still valid and collectible despite having proof that the opposite was true. Defendant engaged in false representation and furthermore, deceptive means of keeping up its collection effort on the subject debt when it had knowledge that Plaintiff no longer owed subject debt.

    **c.  Violations of FDCPA § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." § 1692f(1) further prohibits

"[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

42. Defendant violated §§ 1692f and f(1) when it continued its collection effort on the subject debt while having knowledge that Plaintiff no longer owed it and that Plaintiff did not wish to be contacted about the subject debt. This willful ignorance of both the nonexistence of the subject debt and Plaintiff's plea is unfair and unconscionable. These means employed by Defendant only served to worry and confuse Plaintiff into addressing a debt for which he had no remaining obligation.

43. As pled in paragraphs 26 through 28, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal action.

WHEREFORE, Plaintiff QUSAI H. SHARIRI respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;
b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);
c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);
d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);
e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and
f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

44. Plaintiff restates and re-alleges paragraphs 1 through 44 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6)&(7).

47. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302(4)

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), prohibits a debt collector from "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

49. Defendant violated § 392.302(4) when it repeatedly and continuously called Plaintiff while knowing that Plaintiff no longer owed subject debt and that Plaintiff did not wish to receive the calls. Defendant made such repeated calls with the intent to harass and abuse Plaintiff into making payment on a debt that he no longer owed.

### b. Violations of TDCA § 392.304

50. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt . . . ." § 392.304(19) further prohibits debt collectors from "using . . . false representation or deceptive means to collect a debt or to obtain information concerning a consumer."

51. Defendant violated §§ 392.304(8) and (19) when it continued its collection efforts on a debt knowing that Plaintiff did not owe the subject debt. Instead of investigating and ceasing collection, Defendant simply ignored Plaintiff's pleas and provided information in order to justify its collection efforts.

WHEREFORE, Plaintiff QUSAI H. SHARIRI respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 5, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Federal I.D. No. 3098183
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com